# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| RACHAEL-LINETTE COOK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.: 7:14-cv-579 |
| v. | ) | |
| | ) | |
| UNISYS FEDERAL GOVERNMENT, | ) | |
| GROUP, a Virginia division of UNISYS | ) | By: Hon. Robert S. Ballou |
| CORPORATION, a Pennsylvania | ) | United States Magistrate Judge |
| Corporation; and employees, et al, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION[1]

Plaintiff Rachael-Linette Cook ("Cook") filed this action pro se, asserting various federal and state law claims against her former employer Defendant Unisys Corporation ("Unisys"), arising out of the denial of her disability benefits.  Unisys moved to dismiss Cook's Complaint for failure to state a claim, and alternatively requests a more definite statement. Dkt. No. 8. Cook responded by filing multiple motions seeking, among other things, to remand her case to state court, default judgment against Unisys, and to strike Unisys's motion to dismiss. Dkt. Nos. 11 & 16.[2]  Having reviewed the relevant documents, case law, and statutory authority, I recommend **GRANTING** Unisys's motion to dismiss (Dkt. No. 8) because the Complaint fails to state a legal claim upon which relief may be granted.  I also recommend **DENYING** Cook's motion to remand this matter to state court (Dkt. No. 11), motion for default judgment (Dkt. No.

---

[1] This matter has been referred to me for proposed findings of fact and a recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Dkt. No. 7.

[2] I find that oral argument will not aid the court with regard to the pending motions, which have been fully briefed and are ripe for decision.

1

11), motion to prove authority to represent (Dkt. No. 11), motion to strike Unisys's motion to dismiss (Dkt. No. 16) and motion for entry of default (Dkt. No. 16).

## I. Background[3]

Cook worked as a senior level consultant for Unisys from 2007 through 2011. Dkt. No. 1-1, p. 6-8, 17. As an employee for Unisys, Cook participated in Unisys's employee welfare benefits plan ("the Plan"), which was administered by Aetna Life Insurance Company ("Aetna"). Dkt. No. 1-1, p. 8, 17, 49,156-58. Cook stopped working in September 2008 and requested short-term disability benefits from Aetna, which approved her claim in March 2009. Dkt. No. 1-1, p. 22 & 30. Cook remained employed with Unisys and continued to receive disability through July 13, 2011, when Aetna terminated her benefits following an independent medical examination. Dkt. No. 1-1, p. 27-36, 43-44.

The bulk of Cook's Complaint targets Aetna's denial of disability benefits, alleging that it violated the Employee Retirement Income Security Act ("ERISA"). Dkt. No. 1-1, p. 15. Cook also peppers her Complaint with numerous other state and federal claims, relating to discrimination based upon her gender, religion and age; invasion of her medical and personal privacy; stalking; sabotage; intimidation; reckless endangerment; harassment; and surveillance for genetic testing purposes. Dkt. No. 1-1, p. 9-15, 22, 27-28, 32-33, 45-47, 57.

With regard to discrimination, Cook alleges, among other things, that: 1) one of her supervisors engaged in favoritism towards Catholics, expressed jealousy of her genius and pending patent, and made sexual innuendoes relating to career advancement at Unisys (Dkt. No. 1-1, p. 9-10, 57); 2) her supervisors and coworkers mocked her for disabilities resulting from her reconstructive hand surgery, isolated her from work meetings, required her to work late hours,

---

[3] The following factual summary is culled from Cook's lengthy Complaint, and has been narrowed to address those issues relevant to the claims before this court.

2

and advised her to schedule physical therapy appointments outside of business hours (Dkt. No. 1-1, p. 9-14); 3) she was discriminated and retaliated against for reporting discriminatory behavior to Unisys, evidenced by Unisys's failure to pay her full salary for weeks, refusal to pay her vacation time despite her active status while on short-term disability, and denial of reasonable accommodations to transfer departments or telecommute (Dkt. No. 1-1, p. 11-15, 27-28); 4) she was retaliated against for "exposing the preferential treatment of [Cook's] disabled manager." (Dkt. No 1-1, p. 32); and 5) she trained a younger employee to work during another employee's maternity leave, but Unisys intended that younger employee to take her position (Dkt. No. 1-1, p. 13).

Cook also makes other miscellaneous claims unrelated to discrimination. She claims that Aetna's Complex Claims Investigation Unit rented the empty apartments on her floor in her apartment building to stalk her (Dkt. No. 1-1, p. 32-33); Unisys and Aetna sabotaged her car's tire in a murder attempt (Dkt. No. 1-1, p. 47); and Unisys engaged in unspecified threats, intimidation, reckless endangerment, harassment, and surveillance for genetic testing purposes. Dkt. No. 1-1, p. 15-16, 42-43. Cook alleges violations of her medical and personal privacy because she saw Unisys employees at her doctor's office (Dkt. No. 1-1, p. 22 & 45-46); suspects that Unisys employees influenced her surgeon to perform malpractice; and asserts that Unisys's independent medical examiner provided her with a biased and incomplete disability assessment. Dkt. No. 1-1, p. 19 & 38-39. Cook also asserts that Unisys attempted to foreclose on her home and set booby traps inside her home. Dkt. No. 1-1, p. 43-44.

### A.  Prior Proceedings

On January 30, 2013, Cook brought suit against Aetna in the Southern District of Florida, alleging violations of ERISA and seeking reinstatement of her long-term disability benefits and

3

an award of past-due benefits.  See Cook v. Aetna Life Ins. Co., No. 0:14-cv-60231 (S.D. Fla. Jan. 30, 2013).  On October 1, 2013, Cook filed an amended complaint in that matter, styled similarly to the Complaint here, to add Unisys as a defendant and include many of the same allegations before this court.  See Cook, No. 0:14-cv-60231 (S.D. Fla. Oct. 1, 2013).  The court struck Cook's amended complaint finding that it was "convoluted and contains a variety of irrelevant information," and declined to add Unisys as a defendant.  See Cook, No. 0:14-cv-60231, at *2 (S.D. Fla. Nov. 1, 2013).  The court determined that the amended complaint would not survive a motion to dismiss and that leave to amend would be futile.  Id. at *3.  The court ultimately granted summary judgment to Aetna, holding that the administrative record supported a finding that Cook was not disabled and that Aetna decided Cook's benefits claim correctly as the Plan's administrator.  See Cook, No. 0:14-cv-60231, at *2 (S.D. Fla. Jan. 7, 2014).  Cook subsequently appealed her case to the Eleventh Circuit, which affirmed the decision on January 7, 2015 and issued its mandate on February 18, 2015.  See Cook v. Aetna Life Ins. Co., No. 14-10473 (11th Cir. Jan. 7, 2015); Cook, No. 14-10473 (11th Cir. Feb. 18, 2015).

While her case was pending in the Southern District of Florida, Cook filed charges with the Equal Employment Opportunity Commission ("EEOC") against Unisys for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act ("ADA"), and the Age Discrimination in Employment Act ("ADEA").  Dkt. No. 1-1, p. 72-73. On June 24, 2014, the EEOC mailed a "Notice of Right to Sue" letter to Cook, which Cook received on June 26, 2014.  Dkt. No. 1-1, p. 3 & 71.  The right-to-sue letter advised Cook that the EEOC would not pursue her claim, and stated in bold print that Title VII, ADA, and ADEA lawsuits "must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice." Dkt. No. 1-1, p. 71.  On September 24, 2015, Cook signed and dated the Complaint

4

filed in this action.  Dkt. No. 1-1, p. 66.  Cook filed the Complaint on September 25, 2015 in

Roanoke City Circuit Court, ninety-one days after receiving the EEOC's letter.  Dkt. No. 1, p. 3.

Unisys removed Cook's case to this court on October 24, 2014, and moved to dismiss the

Complaint for failure to state a claim, or in the alternative, for a more definite statement.  Dkt.

No. 1 & 8.  Cook subsequently filed a myriad of motions, including a motion to remand to state

court, motion for default, motion for default judgment, motion to prove authority to represent,

motion to strike defendants' motion to dismiss and all other filings, motion for reconsideration of

the pro hac vice order admitting counsel for Unisys, and a motion for sanctions. Dkt. Nos. 11,

16, 20, & 35.

## II. Cook's Motion to Remand

Cook seeks remand of this matter to state court (Dkt. No. 11), arguing that Unisys

unfairly removed the case without her consent, without legal authority, and without following

proper procedure.  Dkt. No. 11, p. 1-2.  Cook primarily contends that "most of [her] claims and

issues are 'Commonwealth' in nature" and that her reference to ERISA should not be heard by

the federal court because it was not related to her discrimination claims.[4]  Dkt. No. 11, p. 4.

I find that Unisys's removal of this matter pursuant to 28 U.S.C. §§ 1331, 1367, 1441,

and 1446 was proper.  "A case arises under federal law within the meaning of § 1331 ... if a well-

pleaded complaint establishes either that federal law creates the cause of action or that the

plaintiff's right to relief necessarily depends on resolution of a substantial question of federal

law."  Empire Healthchoice Assurance. Inc. v. McVeigh, 547 U.S. 677, 689–90 (2006) (internal

citations and quotations omitted); see also Miller v. Baker, No. CIV.A. 5:09CV00094, 2009 WL

---

[4] Cook also requests that counsel for Unisys "prove their authority" to represent Unisys.  Dkt. No. 11, p. 12-13.  The docket reflects that Charles Peter Groppe is a member of the Western District of Virginia bar, and the court admitted Christopher D. Havener pro hac vice. Dkt. No. 25.  The court previously ruled on Cook's motion to reconsider Mr. Havener's pro hac vice admission and found it meritless.  Dkt. No. 26.  Therefore, Cook's motion to prove authority to represent is denied as moot. Dkt. No. 11.

5

4841019, at *2 (W.D. Va. Dec. 15, 2009) (noting a plaintiff can avoid federal jurisdiction by only relying on state law in her complaint). Cook's Complaint includes multiple federal claims, including claims under the ADA, ADEA, Equal Pay Act ("EPA"), Fair Debt Collection Practices Act ("FDCPA"), Fair Credit Reporting Act ("FCRA"), and ERISA. Dkt. No. 1, p. 2. Cook's Complaint necessarily depends on the resolution of federal law based on the statutes she lists as relevant to her claims. See, e.g, Howell v. Holland, No. 4:13-CV-00295-RBH, 2015 WL 751590, at *21 (D.S.C. Feb. 23, 2015) (recognizing original federal jurisdiction over ADA claims); Jaudon v. Executive Dir., No. C/A2:05-3050DCNRSC, 2007 WL 1239248, at *7 (D.S.C. Apr. 27, 2007) (noting original federal jurisdiction over ADEA claims); see also Bahari v. Countrywide Home Loans, 2005 WL 3505604, at *3 (D. Md. Dec. 16, 2005) ("Courts in the Fourth Circuit have long held that concurrent jurisdiction does not preclude a defendant's right to remove an action to federal court.").

Given the federal court's original jurisdiction over Cook's federal claims, the court also has jurisdiction over her remaining state law claims through supplemental jurisdiction. "Section 1367(a) is broadly phrased to provide for supplemental jurisdiction over claims appended to any civil action over which the court has original jurisdiction." Rosmer v. Pfizer Inc., 263 F.3d 110, 114 (4th Cir. 2001) (internal quotations and citations omitted). Other than the limitations set forth in § 1367(b) which are inapplicable here, the only requirement for supplemental jurisdiction to attach is "all other claims … are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." See 28 U.S.C. § 1367(a) (2012). The claims in Cook's Complaint are varied, but all relate to the same set of facts and circumstances; thus the federal court has

original and supplemental jurisdiction over all of her claims, and Unisys had the right to remove this case to federal court.

Cook also alleges that Unisys's notice of removal was untimely and was not served upon her properly. Dkt. No. 11, p. 4-5 & 11-12. Unisys timely removed this case to federal court on October 24, 2014, less than thirty days from receipt of the Complaint by mail on September 26, 2014, and by service on October 14, 2014. Dkt. No. 1; see 28 U.S.C. § 1446(b) (2012); Grover v. Comdial Corp., 275 F. Supp. 2d 750, 753 (W.D. Va. 2003). Additionally, section 1446(d) requires the defendant to "promptly" give written notice to adverse parties after the notice of removal has been filed. See 28 U.S.C. § 1446 (2012). Unisys provided Cook with notice of removal as required by § 1446(d) within three days of filing, which inarguably is prompt, and included all documentation required in its notice to the court and its written notice to Cook. Dkt. Nos. 1 & 11, p. 10; 28 U.S.C. § 1446(b), (d); see, e.g., Alpena Power Co. v. Util. Workers Union of Am., Local 286, 674 F. Supp. 1286, 1287 (E.D. Mich. 1987). Thus, Unisys timely and properly filed its notice of remand.[5] Accordingly, I conclude that the case was properly removed and the court should exercise its jurisdiction.

### III. Cook's Motion for Entry of Default and Default Judgment

Cook also moved for entry of both default and default judgment against Unisys, alleging that Unisys failed to file an answer to her Complaint within twenty-one days of service, and that Unisys does not have proper counsel of record. Dkt. No. 11 & 35. Cook's motion for default is meritless because Unisys timely filed its motion to dismiss under Rule 12 within twenty-one

---

[5] Cook also contends that Unisys should be barred from defending its case because it did not file an answer prior to filing a notice of removal. Dkt. No. 11, p. 13-14. "[A]s countless decisions make clear, state procedural rules apply pre-removal." Copley v. U.S. Dep't of Energy, No. 2:11-CV-00416, 2012 WL 1111568, at *4 (S.D.W. Va. Mar. 30, 2012). Virginia law requires a defendant to file responsive pleadings within 21 days of receiving service of plaintiff's complaint. Va. Sup. Ct. Rule 3:5. Unisys was served with Cook's Complaint on October 14, 2014 and filed the Notice of Removal on October 24, 2014. Dkt. No. 1. Thus, Unisys was not required to file an answer prior to filing a notice of removal, and timely responded to the complaint in this court by filing a motion to dismiss. See 28 U.S.C. § 1446(b); Fed. R. Civ. P. 81(c)(2).

7

days of receiving Cook's summons and has defended itself with counsel of record throughout this action. See Fed. R. Civ. P. 12(b), 81(c)(2)). Thus, I recommend that Cook's motions for entry of default and default judgment be denied. Dkt. No. 11 & 35.

### IV. Unisys's Motion to Dismiss

Unisys moves to dismiss Cook's Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), and in the alternative, seeks a more definite statement pursuant to Rule 12(e), and to strike certain material from the Complaint, pursuant to Rule 12(f). I recommend granting Unisys's motion to dismiss the Complaint for failure to provide a clear definite statement of claims as required by Rule 8. I recommend dismissal of each claim in Cook's Complaint for alternative reasons, as well.[6]

### A. Legal Standard

To survive a motion to dismiss, a complaint must provide sufficient facts that, if accepted as true, "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Erickson v. Pardus, 550 U.S. 89, 94 (2007). Facial "plausibility" lies on a spectrum between possibility and probability, and is established when the court can draw a reasonable inference that the defendant may be liable for the conduct alleged. Id. The complaint need not include detailed factual allegations, but the factual allegations must be more than a formulaic recitation of the elements of a cause of action and must raise a plausible right to relief above the speculative level. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. The complaint must contain sufficient facts

---

[6] Cook's Complaint alleges claims arising under various statutory schemes, including: 1) ERISA; 2) ADEA; 3) ADA; 4) Title VII; 5) the Rehabilitation Act of 1973 (the "Rehabilitation Act"); 6) EPA; 7) FDCPA; 8) FCRA; 9) Fair Labor Standards Act ("FLSA"); 10) Virginia Fair Housing laws; and 11) Virginia Rights of Persons with Disabilities Act ("VRPDA"). Cook fails to state a claim under each of these provisions, as set forth below.

Case 7:14-cv-00579-MFU-RSB   Document 37   Filed 09/03/15   Page 8 of 33   Pageid#: 3459

from which the court, calling upon "its judicial experience and common sense," can conclude that the pleader has shown that he is entitled to relief. Id. at 679; Fed. R. Civ. P. 8(a).

The court must accept as true any factual allegations contained in the complaint, and draw all reasonable inferences in Cook's favor, though it need not accept legal conclusions. A court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. Pshp., 213 F.3d 175, 180 (4th Cir. 2000).

The plaintiff's complaint should be construed liberally, and should not be dismissed unless it is apparent that the plaintiff "would not be entitled to relief under any facts which could be proved in support of [her] claim[s]." Mouly v. E.I. DuPont de Nemours & Co., No. CIV.A. 98-0020-H, 1998 WL 661535, at *3 (W.D. Va. Sept. 11, 1998) (citing Schatz v. Rosenberg, 943 F.2d 485, 489 (4th Cir. 1991). Ordinarily, a plaintiff proceeding pro se is held to "less stringent standards" than a lawyer, and the court must construe her claims liberally, no matter how "inartfully pleaded." Erickson v. Pardus, 551 U.S. at 94. Nevertheless, even a pro se complaint must meet a minimum threshold of plausibility. Kimble v. Bank of Am., No. No. PJM14-3790, 2015 WL 4716093, at *2 (D. Md. Aug. 6, 2015). The court is not required to accept a pro se plaintiff's contentions as true, Denton v. Hernandez, 504 U.S. 25, 32 (1992), and cannot ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

### B. Lack of Clear, Definite Statement of Claims

Cook's Complaint consists of sixty-four pages of mixed factual allegations and conclusions of law that are not simply inartfully pleaded, but are generally nonsensical and unintelligible. Cook asserts eleven general claims with numerous citations to state and federal

9

law within the first few pages of her Complaint, and then includes additional accusations and statements of law throughout the remainder of the Complaint such that it is unclear whether she intends to assert new claims.

Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," and Rule 8(d)(1) requires that each averment of a pleading be "simple, concise, and direct." A pleading "does not have to set out in detail the facts on which the claim for relief is based," 2 Moore's Federal Practice ¶ 8.04[1], at 8–22 (3d ed. 2002), but must give the court and the defendant "fair notice of what that plaintiff's claim is and the grounds upon which it rests." Swirkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

A court may dismiss a complaint that is "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988). Even under the liberal construction of pleadings afforded to pro se litigants, a court is not obliged to ferret through a complaint, searching for viable claims. In Holsey v. Collins, 90 F.R.D. 122 (D. Md. 1981), for example, the court dismissed without prejudice a pro se complaint with potentially viable claims under Rule 8 finding that a voluminous, repetitive, and conclusory complaint is not a "short and plain statement" of facts and legal claims. The court observed that dismissal was proper because such a complaint "places an unjustifiable burden on defendants to determine the nature of the claim against them and to speculate on what their defenses might be," and "imposes a similar burden on the court to sort out the facts now hidden in a mass of charges, arguments, generalizations and rumors." Id. at 124 (quoting DeFina v. Latimer, 79 F.R.D. 5, 7 (E.D.N.Y. 1977).

Here, Cook's Complaint is not a "short and plain statement," nor is it "concise and direct," as required by Rule 8. Cook's more than sixty pages of facts are not plainly delineated to support her claims and include countless legal assumptions that do not appear to have any bearing in fact. "The liberal construal afforded to a <u>pro se</u> complaint does not give a plaintiff license to proceed despite fail[ing] to contain any factual allegations tending to support his bare assertion…." <u>Briggs v. Charlottesville Pub. Sch.</u>, No. 3:12-CV-00004, 2012 WL 300418, at *3 (W.D. Va. Feb. 1, 2012) (citing <u>White v. White</u>, 886 F.2d 721, 723 (4th Cir. 1989). The Complaint is full of salacious statements of stalking, accusations of child molestation, and outrageous opinions about Unisys that do not advance Cook's claims and impede my ability to discern the facts underpinning the claims asserted.

Overall, Cook's Complaint fails to provide the court with a coherent factual background and fails to provide fair notice to Unisys and the court of the claims she attempts to pursue. Courts are not required "to conjure up questions never squarely presented to them." <u>Beaudett v. City of Hampton</u>, 775 F.2d 1274, 1278 (4th Cir. 1985). Thus, I recommend dismissing the Complaint in its entirety for failure to comply with Rule 8. I further recommend dismissing the Complaint in its entirety for additional reasons set forth below.

## C. Lack of Private Right of Action

Cook's Complaint includes many claims that cannot be pursued because the various statutes and regulations that she cites do not create a private right of action. Cook must have statutory standing to pursue a claim, which "applies only to legislatively-created causes of action and concerns whether a statute creating a private right of action authorizes a particular plaintiff to avail herself of that right of action." <u>Small v. Fed. Nat. Mortgage Ass'n</u>, 747 S.E.2d 817, 820 (2013) (citing <u>CGM, LLC v. BellSouth Telecomm., Inc.</u>, 664 F.3d 46, 52 (4th Cir. 2011)). "The

inquiry at the heart of statutory standing is whether the legislature has accorded <u>this</u> injured plaintiff the right to sue the defendant to redress his injury." <u>Id.</u> (internal quotations omitted) (citing <u>Steel Co. v. Citizens for a Better Env't</u>, 523 U.S. 83, 97 n.2 (1998); <u>Graden v. Conexant Sys. Inc.,</u> 496 F.3d 291, 295 (3rd Cir. 2007)). For the reasons that follow, many of Cook's claims should be dismissed because the supporting law does not create a private right of action.

### 1. Criminal Claims

Cook asserts various criminal claims relating to harassment, invasion of privacy, and mail fraud and tampering. Dkt. No. 1-1, p. 5. (citing 18 U.S.C. § 1341 (2012) (mail fraud), 18 U.S.C. § 1342 (2012) (mail fraud), Va. Code Ann. § 18.2-60.3 (2013) (stalking), Va. Code Ann. § 18.2-386.1 (2014) (unlawful creation of image of another), Va. Code Ann. § 18.2-152.7:1 (2000) (harassment by computer)). No private right of action against a civil defendant exists for violating these criminal statutes. <u>See</u> <u>Bey v. North Carolina</u>, No. 3:12-cv-454, 2012 WL 3528005, at *1 (W.D.N.C. Aug. 14, 2012). A plaintiff cannot sue to enforce rights under criminal statutes; "[o]nly the government has the ability to imprison people and thus to enforce these statutes." <u>Id.</u> All of the claims Cook attempts to assert under federal or state criminal code should be dismissed.

### 2. United Nations Universal Declaration of Human Rights

Cook asserts a religious discrimination claim pursuant to the United Nations' Universal Declaration of Human Rights ("UDHR"). No private right of action exists under the UDHR. <u>See</u> <u>Paige v. Virginia</u>, 67 F.3d 296, at *1 (4th Cir. 1995) (unpublished table opinion); <u>Abebe v. Sutton</u>, No. 5:12–202, 2012 WL 1096153, at *1 (D.S.C. April 2, 2012) ("The UDHR does not of its own force impose obligations as a matter of international law, much less create justiciable rights beyond those provided for in the Constitution.")). I recommend that the court dismiss

12

Cook's religious discrimination claims supported by the UDHR for lack of a private cause of action.

### 3. Executive Order 11246

Cook contends that Unisys violated Executive Order 11246 for religious and gender based pay discrimination. Executive Order 11246 prohibits discrimination in employment by federal contractors. See Exec. Order No. 1,246, 30 Fed. Reg. 12,319 (Sept. 24, 1965). "As a general rule, there is no private right of action to enforce obligations imposed on executive branch officials by executive orders." Chen Zhou Chai v. Carroll, 48 F.3d 1331, 1338 (4th Cir. 1995) (internal quotations omitted). "[A]n executive order is privately enforceable only if it was intended to create a private cause of action." Chen Zhou Chai, 48 F.3d at 1339. Courts have repeatedly recognized that Executive Order 11246 does not create a private cause of action. See Cohen v. Illinois Institute of Technology, 524 F.2d 818, 822 n.4 (7th Cir. 1975); Sanford v. Principi, No. CIV.A. 3:00-0502, 2002 WL 32334396, at *2 (S.D.W. Va. Sept. 26, 2002) aff'd, 60 F. App'x 473 (4th Cir. 2003); Howard Sec. Servs., Inc. v. Johns Hopkins Hosp., 516 F. Supp. 508, 513 (D. Md. 1981). Cook cannot assert a claim under Executive Order 11246, and thus her claims for gender-pay related discrimination and religious discrimination under the order should be dismissed.

### 4. United States Constitution, Bill of Rights, and Declaration of Independence

Cook brings a religious discrimination claim under the United States Constitution, the Bill of Rights, and the Declaration of Independence. The court does not have jurisdiction to hear discrimination claims against a Unisys, a private entity, under any of these laws. Although Cook does not state which areas of the Constitution or Bill of Rights she relies upon in her claim, she presumably intends to invoke an equal protection claim under either the Fifth Amendment or

Fourteenth Amendment of the Constitution. However, the Fifth and Fourteenth Amendments only apply to the federal and state governments, respectively, and do not permit a private cause of action against private entities. See Rendell-Baker v. Kohn, 457 U.S. 830, 837 (1982) (holding the Fourteenth Amendment only applies to the acts of states); Pub. Utilities Comm'n of D.C. v. Pollak, 343 U.S. 451, 461 (1952) (holding the Fifth Amendment only applies to the federal government). Additionally, courts in general "have no jurisdiction over claims allegedly arising under the Declaration of Independence." See Bowler v. Welsh, 719 F. Supp. 25, 26 (D. Me. 1989). I recommend dismissing Cook's religious discrimination claim asserted under the United States Constitution, Bill of Rights, and the Declaration of Independence.

**5. The Virginia Constitution**

Cook asserts discrimination claims based upon disability, age, religion and gender-related pay under the Virginia Constitution without specifying the applicable article. Liberally construing the Complaint, Cook appears to rely upon Article I, § 11 of the Virginia Constitution.[7] See Va. Const. art. I, § 11. Cook also alleges claims of bodily injury and property damage under Article I, § 11. The anti-discrimination clause of the Virginia Constitution does not apply to alleged discriminatory practices of private parties. See Barlow v. AVCO Corp., 527 F. Supp. 269, 273 (E.D. Va. 1981). Furthermore, Virginia courts have recognized only one private cause of action under Article I, § 11, relating to the taking of private property for public use by a government entity without just compensation. See Botkin v. Fisher, No. CIV. A. 5:08CV00058,

---

[7] In relevant part, the Virginia Constitution Article I, Section 11, states:

> That no person shall be deprived of his life, liberty, or property without due process of law; that the General Assembly shall not pass any law impairing the obligation of contracts; and that the right to be free from any governmental discrimination upon the basis of religious conviction, race, color, sex, or national origin shall not be abridged, except that the mere separation of the sexes shall not be considered discrimination....

Va. Const. art. I, § 11.

14

2009 WL 790144, at *5 (W.D. Va. Mar. 25, 2009); Gray v. Rhoads, 55 Va. Cir. 362, 368 (Va. Cir. Ct. 2001), rev'd on other grounds, 268 Va. 81, 597 S.E. 2d 93 (Va. 2004). Cook's allegations of discrimination, bodily injury, and property damage pertain to a private entity and not the government, so she cannot assert a private cause of action under article I, section 11. I recommend dismissing all of Cook's claims brought under the Virginia Constitution, including her claims of disability, age, religious, and gender-related pay discrimination and her claims of bodily injury and property damage.

### 6. The Virginia Human Rights Act

Cook relies upon the Virginia Human Rights Act, Va. Code § 2.2-3900, et seq. ("VHRA"), to support nearly all of her claims. However, the VHRA does not create a private right of action against employers that employ fifteen or more people, see Va. Code § 2.2-3903 (2014), and cannot be construed to have created such a cause of action. Jones v. Kroger Ltd. P'ship I, No. 7:14-CV-00401, 2015 WL 163392, at *5 (W.D. Va. Jan. 13, 2015). In the discrimination claim to the Virginia Human Rights Council, Cook wrote that Unisys employed one thousand or more people. Dkt. No. 1-1, p. 72. As such, the VHRA does not apply to Unisys, and her claims under the VHRA–including her claims of disability discrimination, age discrimination, gender-related pay discrimination, religious discrimination, whistleblower discrimination, and consequential employee benefits, residential mortgage application, and medical care discrimination–should be dismissed for lack of private cause of action.[8]

---

[8] Cook also cited Va. Code Ann. § 2.2-2634 and Virginia Administrative Code Title 22, Section 25-10-60 to support her claims of disability discrimination. Va. Code Ann. § 2.2-2634 was repealed and replaced by § 2.2-520, which established the Division of Human Rights in the Department of Law and set its departmental duties. Cook cannot bring a claim for disability discrimination under this section because it does not prohibit any conduct. Virginia Administrative Code Title 22, Section 25-10-60, which simply establishes the procedure for filing referrals to state and federal agencies for the Human Rights Council, has been abolished; Cook cannot assert a claim of action of disability discrimination via this regulation.

### 7. The Virginia Public Procurement Act

The Virginia Public Procurement Act ("VPPA") does not create a private right of action for Cook's claims of disability, age, gender-related pay, and religious discrimination, and claims of consequential employee benefits, residential mortgage application, and medical care discrimination under Virginia Code § 2.2-4300, et seq. "[T]he Virginia Procurement Act applies only to the purchase and sale of goods and services [by public bodies] … and applies only to 'bidders' and 'offerors' in the context of competitive bidding and negotiation." R.I.S.E., Inc. v. Kay, 768 F. Supp. 1141, 1144 (E.D. Va. 1991). The VPPA cannot be used to pursue employment discrimination as Cook seeks to do here.

### 8. The Virginia Fair Employment Contracting Act ("VFECA")

The VFECA does not create a cause of action for Cook's gender-related pay and religious discrimination claims. See Va. Code Ann. § 2.2-4200 et seq. (2001). The VFECA prohibits government contractors from discriminating on the basis of sex or religion. See Yates v. Volunteer Health Care Sys., Inc., 783 F. Supp. 1002, 1003 (W.D. Va. 1992). The VFECA "does not expressly provide for a cause of action to enforce its provisions, and the Virginia courts have not implied one. Thus, rather than creating a right, the Act makes a statement of policy." Weinberger v. MCI Telecommunications Corp., 16 F.3d 414, at *3 (4th Cir. 1994) (unpublished); see Williamson v. Virginia First Sav. Bank, 26 F. Supp. 2d 798, 801-04 (E.D. Va. 1998) (dismissing gender discrimination claim asserted under VFECA because "all common-law wrongful discharge claims have been abrogated to the extent they are based on public policies reflected in the VHRA"). VFECA does not create a cause of action and the court recommends dismissing Cook's claims asserted under it.

16

### 9. Health Insurance Portability and Accountability Act ("HIPPA")

Cook also alludes to Unisys's violations of HIPPA on the basis that her supervisor and human resources manager learned about her doctors' appointments. Dkt. No. 1-1, p. 22 & 46. To the extent that Cook intended to assert a HIPAA violation, the claim should be dismissed because HIPAA does not create a private right of action. See Segen v. Buchanan General Hosp., Inc., 552 F. Supp. 2d 579, 584 (W.D. Va. 2007) (citing Haranzo v. Dep't of Rehabilitative Servs., No. 7:04cv00326, 2005 WL 3019240, at *4–5 (W.D. Va. Nov. 10, 2005).

### D. Improper Defendant

I recommend that Cook's claims under ERISA, FCRA, and Virginia's fair housing statutes and regulations be dismissed because Unisys is not a proper defendant, as explained below.

### 1. ERISA

The core of Cook's Complaint alleges that Unisys and its Plan administrator, Aetna, improperly denied her short-term and long-term disability benefits. Cook's ERISA case against Aetna in the Southern District of Florida was dismissed. She now sues Unisys under the same general argument that she was wrongfully denied disability benefits pursuant to 29 U.S.C. § 1132. I recommend dismissing Cook's ERISA claims in this case because Unisys is not the proper defendant.

An employer cannot properly be named as a defendant in an ERISA action unless the employer "is shown to control administration of an employee benefit plan." Gluth v. Wal-Mart Stores, Inc., 117 F.3d 1413, at *6 n.8 (4th Cir. 1997) (citing Daniel v. Eaton Corp., 839 F.2d 263, 266 (6th Cir. 1988). When the employer does not control the administration of the benefit plan, a plaintiff may file an ERISA claim against the benefits plan itself and any fiduciaries of the

plan.  See Williams v. UNUM Life Ins. Co. of Am., 250 F. Supp. 2d 641, 645 (E.D. Va. 2003).

Courts determine whether an employer controls the administration of benefit plans by reviewing

which entity is listed as the plan administrator in the plan documents, decides eligibility

determinations, adjudicates appeals of denied claims, and identifies itself as the administrator.

Id.  Funding the benefits plan does not equate to actual control of the administration of the plan.

See Jenkins v. Int'l Ass'n of Bridge, No. 2:14CV526, 2015 WL 1291883, at *4-5 (E.D. Va. Mar.

20, 2015) (citing Gluth, 117 F.3d at *6).

Cook readily admits that Aetna–and not Unisys–is the plan administrator for short-term

and long-term disability benefits.  Cook refers to Aetna as the plan administrator in her

Complaint (Dkt. No. 1-1, p. 17 & 49), received benefits payments from Aetna (Dkt. No. 101, p.

39), and sent her letter appealing the benefits decision to Aetna in July 2011 (Dkt. No. 1-1, p.

55).  Cook also identified Aetna as the administrator in her dismissed ERISA case in the U.S.

District Court for the Southern District of Florida.  See Cook, No. 0:13-cv-60231, at *2.  The

Plan's paperwork shows only Aetna acts as the administrator.  In the Unisys Human Resources

documents Cook submitted in support of her Complaint, Aetna is clearly referred to as the

disability management administrator for both short-term and long-term disability.  Dkt. No. 1-1,

p. 156-58.  Aetna determined Cook's eligibility and managed the adjudication of her appealed

claims as the self-identified administrator.  See Cook, No. 0:13-cv-60231, at *3.  Liberally

construing Cook's complaint, Cook appears to allege that the conduct of Aetna and Unisys is so

intertwined that Unisys also must be an administrator.  Cook provides no support for that

conclusion other than her statements that there was an overlap between Aetna's and Unisys's

roles (Dkt. No. 1-1, p. 53) and that a Unisys manager acted as a Plan administrator when the

manager allegedly spoke with Cook's doctor in October 2011.  Dkt. No. 1-1, p. 50.  Neither of

these statements provides specific support in favor of Unisys acting as administrator of her plan. Unisys is not an administrator of the Plan and not a properly named party.[9] I recommend dismissing Cook's ERISA-based causes of action.[10]

### 2. Fair Credit Reporting Act

Cook also asserts claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FRCPA"), contending that Unisys's and Aetna's denial of benefits caused her to need more surgery, which damaged her credit rating and amounted to credit slander and defamation. Dkt. No. 1-1, p. 35 & 61. She also states that her credit report was sent to someone without her permission and that invalid debts began to appear on her credit report. Dkt. No. 101, p. 35.

The FCRA "ensure[s] fair and accurate credit reporting, promote[s] efficiency in the banking system, and protect[s] consumer privacy," see Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 52–53 (2007), and "provides for civil liability for anyone who fails to provide the required notice to a consumer against whom an adverse action is taken based on the consumer's report." Brown v. Lowe's Companies, Inc., 52 F. Supp. 3d 749, 754 (W.D.N.C. 2014).

---

[9] Even if Unisys were a properly named party, the court would recommend dismissing Cook's ERISA claim on the basis of res judicata. The Southern District of Florida court granted summary judgment in favor of Aetna on Cook's ERISA, recognizing Aetna as the claim administrator for the plan and determining that the administrator's decision to deny benefits "was not wrong" based on the submitted medical record. Cook v. Aetna Life Insurance Co., No. 13-60231, at *5-7 (S.D. Fla. Jan. 7, 2014). Unisys is in privity with Aetna because Aetna as administrator defended against the same claims as Unisys defends in this action. See Andrews-Clarke v. Lucent Technologies, Inc., 157 F. Supp. 2d 93, 101 (D. Mass. 2001); Adams v. IBM Pers. Pension Plan, 533 F. Supp. 342, 344-45 (S.D.N.Y. 2000) (citing Tocker v. Philip Morris Cos., 470 F.3d 481, 491 (2d Cir. 2006)). "The doctrine of res judicata 'precludes the assertion of a claim when a judgment on the merits [in a prior suit] bars further claims by parties or their privies based on the same cause of action.'" Brooks v. Arlington Hosp. Ass'n, 850 F.2d 191, 195 (4th Cir. 1988) (citing Harnett v. Billman, 800 F.2d 1308, 1312 (4th Cir. 1986)).

[10] Cook also briefly mentions that Unisys retaliated against her for pursuing benefits and violated 29 U.S.C. § 1102, 29 U.S.C. §1140, and 29 USC § 1141. Dkt. No. 101, pp. 48 & 60. Cook does not allege any facts in support of these claims, and a one-year statute of limitations applies to Cook's claim under §1140. See Baradell v. Bd. of Soc. Servs. Pittsylvania Cnty., 970 F. Supp. 489, 493-94 (W.D. Va. 1997). Cook's termination occurred approximately three years prior to the filing of this Complaint; thus, her § 1140 claim is time barred. No private cause of action exists for any violation of §§ 1141 and 1102. See Goins v. Teamsters Local 639-Employers Health & Pension Trust, 598 F. Supp. 1151, 1155 (D.D.C. 1984) (Section 1141).

19

Cook does not state which section of the FCRA Unisys allegedly violated, or specify how the company violated the Act. Cook fails to allege facts Unisys is a consumer reporting agency[11] subject to the FCRA's civil liability statutes. "Companies that report information based on their own experience with customers are not credit reporting agencies." Jolly v. Acad. Collection Serv., Inc., 400 F. Supp. 2d 851, 858 (M.D.N.C. 2005) (citing DiGianni v. Stern's, 26 F.3d 346, 348–349 (2d Cir. 1994)). Cook does not argue that Unisys reported information about her to the credit reporting agencies; she only contends that the denial of the benefits package offered through Unisys led to worsened financial circumstances and ultimately a lower credit rating. Unisys's actions are not that of a consumer reporting agency and are not in violation of the FCRA. Therefore, all of Cook's claims asserted under the FCRA should be dismissed.

### 3. Virginia Fair Housing Laws

Cook similarly incorrectly names Unisys as a defendant for her claim of residential mortgage application discrimination under Virginia's fair housing regulations. See Va. Code Ann. § 36.96-3 (1996); Va. Code § 36.96-4 (1991); 18 Va. Admin. Code § 135-50-90 (2015); 18 Va. Admin. Code § 135-50-170 (2015); 18 Va. Admin. Code § 135-50-180 (2015). Section 36.96-3 of the Virginia Code and § 135-50-90 of the Virginia Administrative Code prohibit discrimination relating to the terms and conditions for renting or selling housing; section 36-96.4 of the Virginia Code and sections 135-50-170 and 135-50-180 of the Virginia Administrative Code prohibit discrimination in residential real estate-related transactions, particularly relating to the purchase of loans for housing and the terms and conditions for making available loans or other financial assistance. These statutes and regulations generally target discrimination by

---

[11] "The term 'consumer reporting agency' means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports." 15 U.S.C.A. § 1681a(f) (1970).

persons or entities who control the lease or sale of the residential property (see Va. Code § 36.96.3, 18 Va. Admin. Code 135-50-90) and who engage in the making or purchase of loans, securities, or other debts related to housing. See Va. Code § 36-96.4; 18 Va. Admin. Code § 135-50-170; § 135-50-180.

Unisys did not act in any of these capacities. Cook asserts that the former owners of her home work at the bank servicing her mortgage, have set booby traps in her home, attempted to gain access to her home, and tried to take away her house with the help of Unisys and Aetna. Dkt. No. 1-1, p. 43-44. Cook does not explain how Unisys was involved in these vague allegations, except stating that her house and car could have been taken away because Unisys ended her benefits. Dkt. No. 1-1, p. 51. Assuming that Cook's assertions are true, she does not assert that Unisys controlled the rental or sale of her house, or made or purchased the loan for her house. Therefore, Cook has not shown that Unisys qualifies as an entity that could violate Virginia's fair housing laws, and I recommend dismissing all of Cook's claims brought under Virginia's fair housing statutes and regulations.

### D. Untimely Claims

Cook's claims asserted under Title VII, ADA, ADEA, and the Rehabilitation Act should be dismissed as untimely, because they were filed more than ninety days after she received her Notice of Right to Sue from the EEOC.[12] Additionally, Cook's claims under the Virginia Rights of Persons with Disabilities Act ("VRPDA"), Equal Pay Act ("EPA"), Fair Labor Standards Act ("FLSA"), and Fair Debt Collection Practices Act ("FDCPA") are barred by the applicable

---

[12] Cook also asserts disability discrimination claims under the Civil Rights Act of 1991. The Civil Rights Act of 1991 amended Title VII, the ADA, and ADEA. See Rishel v. Nationwide Mut. Ins. Co., 297 F. Supp. 2d 854, 861 (M.D.N.C. 2003) (discussing Congress's passage of the Civil Rights Act of 1991). The court addresses her claims under this Act in its general review of Cook's claims under Title VII, ADA, and ADEA.

statute of limitations. The court finds that all of these claims are untimely and recommends dismissal.

## 1. Title VII, ADA, ADEA, and the Rehabilitation Act

Pursuant to 42 U.S.C. § 2000e-5, Congress empowered the EEOC to prevent unlawful employment practices as set out under Title VII. Congress incorporated § 2000e-5's procedures and remedies in other statutes protecting against discrimination, including the ADA and the Rehabilitation Act. See 29 U.S.C. § 794a(a)(1) (2009), 42 U.S.C. § 12117(a) (1990). "As a prerequisite to filing a claim in a federal district court under these sections, an employee must first file a charge with the EEOC. A suit filed in district court may encompass only the discrimination stated in the charge itself or developed in the course of a reasonable investigation of the charge." Boyce v. Fleet Fin., Inc., 802 F. Supp. 1404, 1410 (E.D. Va. 1992) (internal quotations and citations omitted). Similarly, the ADEA requires charges to be filed with the EEOC prior to filing in court. See 29 U.S.C. § 626 (2009). After the EEOC completes its administrative investigation under any of these sections, it must notify the charging party that the investigation has ended, and that "ninety days after the giving of such notice a civil action may be brought [by the charging party] against the respondent named in the charge." 42 U.S.C.2000e-5(f)(1) (2009); see also 29 U.S.C. § 626.

The ninety-day limitations period for Title VII, ADA, ADEA, and the Rehabilitation Act[13] begins to run on the date the plaintiff received the EEOC's right-to-sue letter. See 29

---

[13] The EEOC Notice did not notify Cook of her right to sue under the Rehabilitation Act, presumably because she did not allege violations of the Act in her Charge of Discrimination paperwork. Dkt. No. 1-1, p. 71-73. Cook referred to disability discrimination in her paperwork, and therefore the court addresses the Rehabilitation Act claims within the context of the EEOC filing. However, the court could dismiss all of Cook's rehabilitation claims on the grounds that she did not follow the EEOC filing procedures. The court also could dismiss Cook's discrimination claim under Section 503 of the Rehabilitation Act because that section "relates to the requirement of affirmative action programs on the part of certain individuals or entities entering into contracts with federal departments or agencies and obviously has no application in this case." Sanford v. Principi, No. CIV.A. 3:00-0502, 2002 WL 32334396, at *3 (S.D.W. Va. Sept. 26, 2002) aff'd, 60 F. App'x 473 (4th Cir. 2003).

U.S.C. § 626(e) (ADEA); 29 U.S.C. § 794a(a)(1) (Rehabilitation Act); 42 U.S.C. § 2000e–5 (Title VII); 42 U.S.C. § 12117(a) (ADA); see also Morse v. Virginia Dept. of Corrections, No. 3:13cv361, 2014 WL 1308725, at *6 (E.D. Va. Mar. 31, 2014) (noting that the "the requirement that plaintiffs file suit within 90 days of receipt of [a right-to-sue] letter are the same for the ADA, ADEA, and … Title VII").  Actual receipt of the EEOC's letter by the charging party is not required for starting the 90-day statutory time limit in the Fourth Circuit.  See Watts-Means v. Prince George's Family Crisis Center (4th Cir. 1993) (recognizing that "delivery of a right-to-sue letter to a plaintiff's home triggers the limitations period even if the plaintiff does not actually receive the letter").  The ninety-day requirement is not jurisdictional.  However, "failure to meet this deadline precludes the [federal district court] from considering the merits of the claim." Ugbo v. Knowles, 480 F.Supp.2d 850, 850–51 (E.D. Va. 2007); see also Briggs v. Charlottesville Pub. Sch., No. 3:12-CV-00004, 2012 WL 300418, at *4 (W.D. Va. Feb. 1, 2012). The time requirement essentially operates as a statute of limitations.  See Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982); Ugbo, 480 F. Supp. 2d at 852.  The plaintiff bears the burden of establishing the timeliness of the filing of her complaint where it is contested by the defendant.  See Darden v. Cardinal Travel Ctr., 493 F. Supp. 2d 773, 776 (W.D. Va. 2007).

   "[T]he Supreme Court has nonetheless recognized that a charging party may, in appropriate circumstances, be entitled to the benefit of equitable tolling in order to extend the 90-day time limit to file suit in state or federal court following dismissal of an administrative charge." Jones v. Virginia Dep't of Soc. Servs., No. CIV. A. 1:08CV166, 2008 WL 4223615, at *7 (E.D. Va. Sept. 10, 2008) aff'd, 325 F. App'x 205 (4th Cir. 2009) (citing Baldwin County Welcome Center v. Brown, 466 U.S. 147, 148 (1984)).  The Fourth Circuit adopted a flexible rule, and held that "district courts should conduct a thorough examination of the facts to

determine if reasonable grounds exist for an equitable tolling of the filing period." Harvey v. City of New Bern Police Dep't, 813 F.2d 652, 654 (4th Cir. 1987); see also Asbury v. City of Roanoke, 599 F. Supp. 2d 712, 716 (W.D. Va.) aff'd, 330 F. App'x 39 (4th Cir. 2009). "[T]he time limitations are subject to waiver, equitable tolling, and estoppel." Artis v. Newport News Shipbuilding & Drydock Co., No. 4:07CV54, 2008 WL 7482871, at *4 (E.D. Va. Nov. 4, 2008) aff'd, 322 F. App'x 306 (4th Cir. 2009).

Though rarely used, a plaintiff may be entitled to equitable tolling if she demonstrates that extraordinary circumstances beyond her control prevented her from filing on time. See United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). Equitable tolling is appropriate "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). "Other circumstances where equitable tolling of the ninety day period might be justified may include: (1) where the plaintiff has received inadequate notice; (2) where a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon; or (3) where the court has led the plaintiff to believe that she had done everything required of her." Asbury, 599 F. Supp. 2d at 719 (citing Baldwin County, 466 U.S. at 151). The Fourth Circuit advised that this relief should be granted sparingly. See Beale v. Burlington Coat Factory, 36 F. Supp. 2d 702, 704 (E.D. Va. 1999) (citing Olson v. Mobil Oil Corp., 904 F.2d 198, 201 (4th Cir. 1990)).

A plaintiff's lack of diligence does not constitute extenuating circumstances worthy of tolling the filing period. See Ugbo, 480 F. Supp. 2d at 852. "Moreover, plaintiff's pro se status provides no independent basis for an equitable tolling of the Title VII filing period. The Court

strives to grant pro se litigants deference, but there are limits on the liberal construction applied to a pro se Complaint." Id. at 852-53 (internal citations omitted). "[A] willfully unrepresented plaintiff volitionally assumes the risks and accepts the hazards which accompany self-representation. As the Supreme Court has stated, the [p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants. Therefore, a statute of limitations will not ordinarily be tolled based upon mere ignorance of the law for any reason, including lack of counsel." Asbury, 599 F. Supp. 2d at 720.

Cook filed her charge of discrimination alleging violations of Title VII, the ADA, and ADEA on April 11, 2013. Dkt. No. 1-1, p. 72-73. The EEOC sent the right-to-sue letter for claims arising under Title VII, ADA, ADEA, or the Genetic Information Nondiscrimination Act ("GINA") to Cook on June 24, 2014. Dkt. No. 1-1, p. 71. The letter clearly stated that "[y]our lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost." Dkt. No. 1-1, p. 71. The letter also clearly stated that "your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost." Id. Cook admits in her Complaint that she received the notice on June 26, 2014. Dkt. No. 1-1, p. 3. Upon receiving the EEOC's letter on June 26, the ninety-day period to file a civil action expired on September 24, 2014. Cook filed her Complaint in Roanoke City Circuit Court on September 25, 2014. Dkt. No. 1-1, p. 3. Although Cook signed and dated her Complaint on September 24, 2014, the filing date–and not the signing date–is the relevant date to this inquiry. Dkt. No. 1-1, p. 66. Thus, Cook filed her Complaint one day late.

I find no reasonable grounds to support equitable tolling. Cook filed a thorough brief contesting Unisys's motion to dismiss, but did not acknowledge Unisys's argument that she filed her claims late or provide any reason for doing so. <u>See generally</u> Dkt. No. 15. The court cannot ascertain why Cook filed her claim a day late and nothing in the record suggests a reason to toll the ninety-day period. Cook understood how to file discrimination claims as a <u>pro se</u> litigant, as she attempted to amend her complaint against Aetna in the Southern District of Florida to include discrimination claims against Unisys in October 2013.[14] <u>See</u> <u>Cook</u>, No. 0:14-cv-60231 (S.D. Fla. Oct. 1, 2013).

Cook freely admits that she received the right to sue letter within two days of mailing date, giving her plenty of time to file suit. Dkt. No. 1-1, p. 3. Courts have repeatedly dismissed suits for untimely filing even when the plaintiff had fewer than ninety-days to sue due to extenuating circumstances. <u>See, e.g.</u>, <u>Vogel v. American Home Products Corp. Severance Pay Plan</u>, 122 F.3d 1065, 1997 WL 577578, at *3 (4th Cir.1997) (unpublished) (equitable tolling inappropriate where plaintiff had 10 days to file suit under 90–day time limit); <u>Watts–Means v. Prince George's Family Crisis Center</u>, 7 F.3d 40, 42 (4th Cir. 1993) (85 days); <u>Harvey</u>, 813 F.2d at 654 (84 days); <u>Sanderlin v. La Petite Academy, Inc.</u>, 637 F. Supp. 1166, 1169–71 (E.D. Va. 1986) (87 days). Cook does not state she experienced any circumstances that led to fewer than ninety full days to file the Complaint. Cook discusses her many medical problems and how they affect her, but does not claim that they impacted her ability to file suit. Furthermore, Cook has filed hundreds of pages of filings with this court and responded to Unisys's motions within

---

[14] Cook again ignored the EEOC's requirement to wait to file her discrimination claims in the Southern District of Florida and tried to bring suit fewer than six months after her filed charge of discrimination–well before the statutory period she was granted for suit. <u>Compare id.</u>, <u>with</u> Dkt. No. 1-1, p. 72-73. Cook's amended complaint had not been struck on the grounds of administrative procedure, but for being too convoluted and full of irrelevant information. <u>See</u> <u>Cook</u>, No. 0:14-cv-60231, at *2 (S.D. Fla. Nov. 1, 2013).

reasonable time periods.  Given Cook's ability to follow deadlines within this suit, the court has

no reason to assume that she could not have filed her discrimination claims in a timely fashion.

The court finds no extraordinary circumstances that prevented Cook from filing her

discrimination claims on time.  Although Cook is a <u>pro se</u> plaintiff, and notified the court shortly

after this case was removed that she was trying to obtain representation, the court cannot

liberally construe her Complaint to such a degree that it disregards the statutory filing

requirements set forth by the ADA, ADEA, Rehabilitation Act, and Title VII.

Cook carries the burden of demonstrating that she timely filed her lawsuit.  Cook has not

shown that she had insufficient time to file suit, and there is no evidence to suggest otherwise.

Cook had ample time to bring her suit after receiving the EEOC's notice-to-sue letter.  She

simply failed to do so.  Although dismissing these discrimination claims for filing late by one

day may seem harsh, the Fourth Circuit strictly construes the ninety-day filing deadline where

there is no justification for equitable tolling. <u>See</u> <u>Pledger v. Fairfax Cnty.</u>, No. 3:13-CV-740-

JAG, 2014 WL 2040068, at *1-2 (E.D. Va. May 16, 2014) <u>aff'd sub nom.</u> <u>Pledger v. Cnty.</u>, 585

F. App'x 156 (4th Cir. 2014) ("While a half-week's delay may seem a trivial reason to bar a

complaint, the adage that 'close only counts in horseshoes and hand grenades' applies in equal

measure to Title VII's 90–day filing deadline."). "The ninety day notice period itself is clear

evidence that Congress intended to require claimants to act expeditiously, without unnecessary

delay." <u>Harvey</u>, 813 F.2d at 654.  There being no facts alleged that might provide reasonable

grounds for the court to equitably toll the filing period, I recommend dismissal of all claims

asserted under the ADA, ADEA, Rehabilitation Act, and Title VII.

## 2. VRPDA, EPA, FLSA, FDCPA

Cook also failed to timely file claims under the VRPDA, EPA, FLSA, and FDCPA.

Because Cook does not provide any justification for tolling the filing deadlines for these claims,

the court recommends dismissing all of her claims filed pursuant to these statutory schemes.

Cook asserts a claim of disability discrimination under the VRPDA, which prohibits

employers from discriminating against otherwise qualified persons with disabilities. Va. Code

Ann. § 51.5-41 (2014). The VRPDA requires an action to be commenced "within one year of

the occurrence of any violation of rights." Va. Code Ann. § 51.5–46 (2015). Unisys terminated

Cook in October 2011, but she did not file this action until late September 2014. Cook has

provided no justification for tolling the limitation period and thus her claim should be dismissed.

See Clay v. Campbell Cnty. Sheriff's Office, No. 6:12-CV-00062, 2013 WL 3245153, at *6

(W.D. Va. June 26, 2013).

Cook advances gender-related pay discrimination under the EPA, which amended the

FLSA to prohibit wage disparity between the sexes, and claims of disability discrimination under

the FLSA. Both the EPA and broader FLSA are governed by the statute of limitations set forth

in 29 U.S.C. § 255, which allows actions to be commenced up to two years after any cause of

action accrued or three years after a willful violation.[15] See Brewster v. Barnes, 788 F.2d 985,

993 (4th Cir. 1986) (noting the two-year statute of limitations for the EPA); Zurita v. P.F. Const.,

LLC, No. CIV.A. 7:08CV00466, 2009 WL 2160677, at *1 (W.D. Va. July 20, 2009) (noting the

FLSA's two-year statute of limitations for ordinary violations and three-year statute of

limitations for willful violations). "The Supreme Court has indicated that the statutes of

---

[15] "Under the FLSA, a willful act is 'generally understood to refer to conduct that is not merely negligent' but rather an act that indicates 'the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA].'" Brown v. Nipper Auto Parts & Supplies, Inc., No. CIV.A. 7:08CV00521, 2009 WL 1437836, at *5 (W.D. Va. May 21, 2009) (citing McLauchlin v. Richland Shoe Co., 486 U.S. 128, 134 (1988)). A plaintiff must demonstrate willfulness. Id.

limitations for actions predicated upon employment discrimination are triggered at the time when the alleged discriminatory act occurred, and not at the time when the last discriminatory effects have been manifested." Brinkley-Obu v. Hughes Training, Inc., 36 F.3d 336, 346 (4th Cir. 1994) (citing E.E.O.C. v. Penton Industrial Pub. Co., 851 F.2d 835, 837–38 (6th Cir. 1988)). Under the EPA, a plaintiff can show a continuing violation about conduct beyond the statute of limitations period by demonstrating an actual EPA violation within the statute of limitations, such as the issuance of a paycheck at a lower wage than her male counterpart. See Becker v. Gannett Satellite Info. Network, Inc., 10 F. App'x 135, 138 (4th Cir. 2001); Brinkley-Obu., 36 F.3d at 347. Depending on the factual circumstances, a continuing violation can occur through the employee's last day of employment. See Brewster, 788 F.2d at 993. Courts may equitably toll the statute of limitations period, but "only in the rare instances in which 'the defendant has wrongfully deceived or misled the plaintiff in order to conceal the existence of a cause of action." Becker, 10 F. App'x at 138.

Cook made a claim for short-term disability benefits on September 19, 2008, which became effective on September 22, 2008. Dkt. No. 1-1, p. 22. Cook never returned to work after September 2008 and collected disability thereafter. Cook's last paycheck must have been received in September or October 2008, which is approximately six years before she filed her Complaint for gender-related pay discrimination. In addition to not citing any specific facts about how her wage was lower than the wage of a comparable male employee, she filed her Complaint three to four years late. Cook's pay discrimination claim under the EPA is time barred.

Similarly, Cook's only allegations of disability discrimination under the FLSA occurred while she was working at Unisys. Although Cook was officially terminated sometime after she

received her FMLA letter in July 2011, Cook did not allege any acts of disability discrimination following her employment while she was on disability from 2008 through 2011. Even if Cook's Complaint could be liberally construed to find an allegation of disability discrimination as late as 2011, her claims under FLSA still would be time barred because she did not file within two years of the alleged violations, and she has not met her burden that Unisys willfully violated the FLSA to merit the three-year statute of limitations. Therefore, Cook's claims of discrimination under the EPA and FLSA should be dismissed for being time barred.

Cook also asserts claims of consequential personal torts, negligent torts, intentional credit defamation, and slander torts under the FDCPA, 15 U.S.C. § 1601, et seq. The FDCPA protects consumers from abusive debt collection practices. Actions asserted under the FDCPA must be filed within one year of the alleged violation. See 15 U.S.C. § 1692k(d) (2010); Olson v. Midland Funding, LLC, 578 F. App'x 248, 250 (4th Cir. 2014). In addition to Cook's failure to state that Unisys is a debt collector[16] or that Unisys tried to collect a debt from her, she does not make any allegations that she faced abusive debt collection practices during the year prior to filing this action in September 2014. See Brooks-McCollum v. Aspen Prop. Mgmt. Co., 551 F. App'x 677, 680 (4th Cir.) cert. denied sub nom. McCollum v. Aspen Prop. Mgmt., 134 S. Ct. 2886, 189 L. Ed. 2d 836 (2014) (affirming dismissal of FDCPA claim where action was not filed within one year of alleged violation). Cook's claims under the FDCPA are time barred.

### E. Inapplicable Statutes and Regulations

Cook's Complaint references a number of statutes and regulations that are inapplicable to her stated claims and facts. In support of her claims for consequential employee benefits,

---

[16] See 15 U.S.C.A. § 1692a (2010) ("The term 'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another….").

residential mortgage discrimination, and medical care discrimination, Cook asserts violations of

Virginia Code § 38.2-223 and Virginia Administrative Code Title 14, § 5-70-110. Cook's

citation to Administrative Code § 5-70-110 is misplaced; this regulation prohibits discrimination

involving accelerated benefits provisions in life insurance policies. Cook does not assert any

claims or facts regarding life insurance, so she cannot assert a claim under § 5-70-110. Cook

also asserts a claim under Virginia Code § 38.2-223, but this statute only allows the State

Corporation Commission to issue rules and regulations related to the administration of insurance;

the statute clearly does not create a cause of action for any of Cook's claims.

Cook also states a whistleblower discrimination claim under Virginia Code § 2.2-3011–

the Fraud and Abuse Whistle Blower Protection Act–which prohibits discrimination and

retaliatory actions against whistleblowers employed by the Commonwealth. The Fraud and

Abuse Whistle Blower Protection Act states "[i]t shall be the policy of the Commonwealth that

citizens of the Commonwealth and employees of state government be freely able to report

instances of wrongdoing or abuse committed by state agencies or independent contractors of

state agencies." Va. Code Ann. § 2.2-3009 (2014). Unisys is not a state agency[17] and Cook does

not allege any relationship between Unisys and the state; she only discussed Unisys's contracts

as a company with the federal government. Therefore, § 2.2-3011 is inapplicable to the claims at

hand and Cook's whistleblower claims under the statute should be dismissed. Cook also asserts

a whistleblower discrimination claim pursuant to Virginia Code § 40.1-51.2:2, which establishes

the remedies for violations of § 40.1-51.2:1–the statute prohibiting discrimination against an

employee who filed a safety or health complaint or otherwise exercised her rights under the

safety and health provisions of the title. Cook does not refer to any occupational safety or health

---

[17] "'State agency' means any agency, institution, board, bureau, commission, council, or instrumentality of state government in the executive branch listed in the appropriation act and any independent agency." Va. Code § 2.2-3010 (2013).

violations by Unisys throughout her Complaint, nor notified authorities of such a violation; her citation to § 40.1-51.2:2 is therefore irrelevant to her claims and should be dismissed.

Cook refers to Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d <u>et seq.</u> in support of her claim of disability discrimination. Title VI prohibits discrimination in programs and activities receiving federal financial assistance. <u>See</u> 42 U.S.C. § 2000d (1964). Cook does not allege that Unisys receives federal financial assistance; she only states that Unisys is a federal contractor. Moreover, "covered entities can only be sued for employment discrimination where a primary objective of the Federal financial assistance [to that program or activity] is to provide employment." <u>Reynolds v. Sch. Dist. No. 1, Denver, Colo.</u>, 69 F.3d 1523, 1531 (10th Cir. 1995) (citing 42 U.S.C. § 2000d–3; <u>Johnson v. Transportation Agency, Santa Clara County, Cal.</u>, 480 U.S. 616, 627 n.6 (1987) (noting Congress's concern that Title VI not subsume Title VII by making any employer who receives federal financial assistance liable under Title VI). Any federal funding used by Unisys is based on a commercial agreement, not on the basis of generating employment. Thus, Cook's disability discrimination claim under Title VI should be dismissed because Unisys is not subject to Title VI's prohibition of discrimination relating to federal financial assistance.

Cook advances a claim of associated harassment under Virginia Administrative Code § 35-101-650, which prohibits discrimination, among other actions, against the residents of juvenile secure detention centers. <u>See</u> 6 Va. Admin. Code § 35-101-650 (2015). Cook's claims in no way relate to juvenile detention centers, and she is not a juvenile, so her claim under § 35-101-650 should be dismissed.[18]

---

[18] Cook also refers to violations of 42 U.S.C. § 70b. The court could not find a 42 U.S.C. § 70b and assumes that Cook referred to it in error. If Cook intended to cite 42 U.S.C. § 70, the statute has been repealed and is inapplicable.

32

### V. Conclusion

Cook's Complaint consists of over 60 pages of rambling, disjointed allegations, which do not provide fair notice to Unisys and the court of the claims she attempts to pursue in this matter, and the facts that support those claims. Having endeavored to identify the facts and claims asserted by Cook and construing them liberally, I conclude that the Complaint does not state factual allegations that raise a plausible right to relief. For the foregoing reasons, the I **RECOMMEND GRANTING** Unisys's Motion to Dismiss (Dkt. No. 8), **DENYING** Cook's Motion to Remand State Court (Dkt. No. 11), **DENYING** Cook's Motion for Default Judgment (Dkt. No. 11), **DENYING** Cook's Motion to Prove Authority to Represent (Dkt. No. 11), **DENYING** Cook's Motion to Strike the Motion to Dismiss (Dkt. No. 16), and **DENYING** Cook's Motion for Entry of Default (Dkt. No. 16).

The Clerk is directed to transmit the record in this case to Michael F. Urbanski, United States District Judge, and to provide copies of this Report and Recommendation to counsel of record. Both sides are reminded that pursuant to Rule 72(b), they are entitled to note any objections to this Report and Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by me that is not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1) as to factual recitations or findings as well as to the conclusion reached by me may be construed by any reviewing court as a waiver of such objection.

Enter: September 3, 2015

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge

33