IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | | |
|---|---|---|---|
| RACHAEL-LINETTE COOK, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | Civil Action No. 7:14cv00579 | |
| v. | ) | | |
| | ) | | |
| UNISYS FEDERAL GOVERNMENT | ) | By: | Michael F. Urbanski |
| GROUP, a Virginia division of UNISYS | ) | | United States District Judge |
| CORPORATION, a Pennsylvania | ) | | |
| Corporation; and employees, et al. | ) | | |
| | ) | | |
| Defendants. | ) | | |
| | ) | | |

## MEMORANDUM OPINION

Pro se plaintiff Rachael-Linette Cook brings this action alleging various federal and state law claims against her former employer Unisys Corporation ("Unisys"). Unisys moved to dismiss Cook's suit for failure to state a claim, and alternatively requested a more definite statement. ECF No. 8. Cook subsequently filed multiple motions of her own, including a motion to remand to state court, motion for default judgment, motion to prove authority to represent, motion to strike Unisys's motion to dismiss, and her own motion for a more definite statement. See ECF Nos. 11, 16, 35. This matter was referred to United States Magistrate Judge Robert S. Ballou for report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B).

In a report and recommendation issued on September 3, 2015, the magistrate judge recommended that the court deny Cook's various motions and grant Unisys's motion to dismiss. ECF No. 37. The magistrate judge found that Cook's complaint generally failed to comply with the pleading standard required by Rule 8 of the Federal Rules of Civil Procedure, and also provided individual grounds to dismiss each of Cook's claims. Id. at 11. The report gave notice that

objections should be filed within fourteen days, and Cook subsequently filed her objections to the report on September 14, 2015. ECF No. 38.

For the reasons set forth below, the court will **ADOPT** the report and recommendation to the extent consistent with this opinion, **GRANT** Unisys's motion to dismiss (ECF No. 8), **DENY** Cook's motions to remand to state court (ECF No. 11), **DENY** Cook's motion for default judgment (ECF No. 11), **DENY** Cook's motion to prove authority to represent (ECF No. 11), **DENY** Cook's motion to strike the motion to dismiss (ECF No. 16), **DENY** Cook's motion for a more definite statement (ECF No. 16), and **DENY** Cook's motion for entry of default (ECF No. 35).

## I.

Rule 72(b) of the Federal Rules of Civil Procedure permits a party to "serve and file specific, written objections" to a magistrate judge's proposed findings and recommendations within fourteen days of being served with a copy of the report. See also 28 U.S.C. § 636(b)(1). The Fourth Circuit has held that an objecting party must do so "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007), cert denied 127 S. Ct. 3032 (2007).

> To conclude otherwise would defeat the purpose of requiring objections. We would be permitting a party to appeal any issue that was before the magistrate judge, regardless of the nature and scope of objections made to the magistrate judge's report. Either the district court would then have to review every issue in the magistrate judge's proposed findings and recommendations or courts of appeals would be required to review issues that the district court never considered. In either case, judicial resources would be wasted and the district court's effectiveness based on help from magistrate judges would be undermined.

Id. The district court must determine de novo any portion of the magistrate judge's report and recommendation to which a proper objection has been made. "The district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the

2

magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); accord 28 U.S.C. § 636(b)(1). "General objections that merely reiterate arguments presented to the magistrate judge lack the specificity required under Rule 72, and have the same effect as a failure to object, or as a waiver of such objection." Moon v. BWX Technologies, Inc., 742 F. Supp. 2d 827, 829 (W.D. Va. 2010) (citing Veney v. Astrue, 539 F. Supp. 2d 841, 845 (W.D. Va. 2008)), aff'd, 498 F. App'x 268 (4th Cir. 2012); see also Thomas v. Arn, 474 U.S. 140, 154 (1985) ("[T]he statute does not require the judge to review an issue de novo if no objections are filed.").

Further, objections that only repeat arguments raised before the magistrate judge are considered general objections to the entirety of the report and recommendation. See Veney, 539 F. Supp. 2d at 845. As the court noted in Veney:

> Allowing a litigant to obtain de novo review of her entire case by merely reformatting an earlier brief as an objection "mak[es] the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. Howard [v. Sec'y of Health & Human Servs.], 932 F.2d [505], 509 [(6th Cir. 1991)].

539 F. Supp. 2d at 846. A plaintiff who reiterates his previously-raised arguments will not be given "the second bite at the apple [ ]he seeks." Id. Instead, her re-filed brief will be treated as a general objection, which has the same effect as a failure to object. Id.

## II.

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual matter which, if accepted as true, "state[s] a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A complaint is "facially plausible" when the facts alleged "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. This "standard is not akin to a 'probability requirement,' but it asks for more than a

3

sheer possibility that a defendant has acted unlawfully." Id. When ruling on a motion to dismiss, the court must "accept the well-pled allegations of the complaint as true" and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997).

While the court must accept as true all well-pled factual allegations, the same is not true for legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678; see also Wag More Dogs, LLC v. Cozart, 680 F.3d 359, 365 (4th Cir. 2012) ("Although we are constrained to take the facts in the light most favorable to the plaintiff, we need not accept legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments.") (internal quotation marks omitted). To be sure, a plaintiff proceeding pro se is held to "less stringent standards" than counseled plaintiffs, and the court must construe her claims liberally. Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, the court need not ignore a clear failure to allege facts that set forth a cognizable claim. Weller v. Dep't of Soc. Services for City of Baltimore, 901 F.2d 387, 391 (4th Cir. 1990). Nor is a court required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them." Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985), cert. denied, 475 U.S. 1088 (1986).

Finally, Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). Each averment must further be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). When determining whether a complaint comports with the requirements of Rule 8, courts look to a variety of factors, including the length and complexity of the complaint, whether the complaint is sufficiently clear to allow the defendant to defend himself, and whether the plaintiff had the benefit of counsel. See Sewraz v. Long, 407 F. App'x 718, 718–19 (4th Cir. 2011) (unpublished). "Even pro se plaintiffs must recognize Rule 8's

4

vision for a system of simplified pleadings that give notice of the general claim asserted, allow for the preparation of a basic defense, narrow the issues to be litigated, and provide a means for quick dispositions of sham claims." Sewraz v. Guice, No. 3:08-CV-35, 2008 WL 3926443, at *1 (E.D. Va. Aug. 26, 2008) (citations omitted), aff'd, 318 F. App'x 228 (4th Cir. 2009). Lengthy pleadings that offer confusing factual narratives and conclusory statements of law place an unjustified burden on the court and any party who must respond. See North Carolina v. McGuirt, 114 F. App'x 555, 558–59 (4th Cir. 2004). A pro se complaint that fails to comply with Rule 8's pleading requirements may be dismissed pursuant to Rule 12(b)(6). Id. at 559

### III.

The magistrate judge noted that the various claims raised in Cook's complaint are "not simply inartfully pleaded, but are generally nonsensical and unintelligible." ECF No. 37, at 9. The sixty-four page complaint contains multiple allegations of stalking, child molestation, and personal attacks on Unisys and various third-parties that prevented the magistrate judge from "discern[ing] the facts underpinning the claims asserted." Id. at 11. Cook's objections to the report and recommendation, while only ten pages in length, are likewise difficult to parse. Cook repeats a number of the factual allegations and legal conclusions found in her complaint and takes issue with the magistrate judge's assessment of her complaint as follows:

> It adds insult to injury [for the magistrate judge] to use personal defamatory terms such as "nonsensical, unintelligible, incoherent, rambling, convoluted," particularly when specific examples are not cited to support these baseless erroneous personal accusations and is inappropriate, inaccurate, unnecessary condescending, discriminatory, and totally misrepresents the Plaintiff's true character: she has proven to be a very intelligent patented inventor with outstanding commitment to integrity and excellence, unlike her former colleagues and employer . . . this fact and other documented and verifiable facts should not be oversimplified, misconstrued, ignored, minimized, or dismissed out-of-hand at the expense of the character and reputation of a longsuffering inventor and valuable contributor to society with a

5

> prestigious Virginia family heritage of founding fathers like President
> Thomas Jefferson and Captain Thomas Povall Turner of Richmond.

ECF No. 38, at ¶ 2. In some instances, the court is unable to discern any basis for an objection to the report and recommendation. In other instances, Cook either repeats arguments she raised previously or fails to identify any specific error in the findings of the magistrate judge. Those objections that reiterate prior arguments or fail to identify specific errors in the report and recommendation are properly construed as general objections, and do not warrant de novo review. See Veney, 539 F. Supp. 2d at 844–46.

Nevertheless, the court is able to identify one specific objection that entitles Cook to de novo review. Cook alleged multiple discrimination claims under Title VII of the Civil Rights Act of 1964, the American with Disabilities Act ("ADA"), the Age Discrimination Employment Act ("ADEA"), and the Rehabilitation Act. ECF No. 1-1, at 2. While the magistrate judge recommended that Cook's complaint be dismissed in its entirety for failure to comply with Rule 8, he also recommended, in the alternative, that Cook's discrimination claims be dismissed as untimely because she failed to file a lawsuit within ninety days of receiving a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC"). ECF No. 37, at 27. In her objections, Cook claims she did file her discrimination claims within the ninety day period, and attaches in support a different copy of her state-law complaint with a different date stamp from the Roanoke County Circuit Court. See ECF No. 38, at 4–5; ECF No. 38-1, at 1. Cook claims this revised date stamp proves that her discrimination claims were timely filed. ECF No. 38, at 4–5.

### A. Discrimination Claims

Federal law requires that plaintiffs filing suit under Title VII, ADA, ADEA, and the Rehabilitation Act must first file a claim with the EEOC. See 42 U.S.C. § 2000e-5; 42 U.S.C. § 12117(a); 29 U.S.C. § 626; 29 U.S.C. § 794a(a)(1). Once the EEOC reviews the case, it notifies the charging party that it has completed its administrative investigation and that a civil action against the

defendant must be filed within ninety days.  See, e.g., 42 U.S.C. 2000e-5(f)(1); 29 U.S.C. § 626.  The magistrate judge found that Cook filed her Title VII, ADA, and ADEA discrimination claims with the EEOC on April 11, 2013.[1]  ECF No. 1-1, at 72–73.  The EEOC mailed a right-to-sue letter to Cook on June 24, 2014, see id., and Cook admits that she received the letter on June 26, 2014.  ECF No. 1-1, at 3.  Upon receipt of this letter, Cook's ninety day limitation period expired on September 24, 2014.  Cook's initial complaint filed in the Circuit Court for the City of Roanoke contained a filing date stamp from September 25, 2014.  Id.  The magistrate judge concluded that Cook filed her complaint in state court one day late, and thus recommended dismissal of her discrimination claims.  ECF No. 37, at 25.

In her objections, Cook argues that she timely filed her complaint on September 24, 2014, but that a clerk in the Circuit Court for the City of Roanoke mishandled it.  ECF No. 38, at 4–5.  She argues that the September 25, 2014 date stamp on the docketed copy of her complaint is an error, and submits a second copy of her complaint with a date stamp of 1:37 p.m. on September 24, 2014.  ECF No. 38-1, at 1.  She also claims she requested a correction to the September 25 date stamp to reflect the proper filing date of September 24.  ECF No. 38, at 4.  Based on these facts, Cook argues the magistrate judge erred in finding that her discrimination claims were untimely filed.

When considering the issue of the timeliness of Cook's state court complaint, the magistrate judge used the file stamp date of September 25, 2014 reflected on the first page of Cook's state court

---

[1] In her complaint, Cook also alleged violations of § 503 and § 504 of the Rehabilitation Act.  Cook's initial filing with the EEOC does not seem to include claims under § 503 or § 504 of the Rehabilitation Act.  See ECF No. 1-1, 71–73.  The failure to file her Rehabilitation Act claims with the EEOC as required may very well provide an independent ground to dismiss these claims for failing to exhaust her administrative remedies.  Spencer v. Ashcroft, 147 F. App'x 373, 375 (4th Cir. 2005); Simms v. Hagel, No. 3:14-CV-433, 2015 WL 5020894, at *7 (E.D. Va. Aug. 20, 2015).  Further, Unisys argues that Cook's claims under the Rehabilitation Act may be barred by the relevant statute of limitations.  ECF No. 9, at 17 (noting a one year statute of limitations).  However, the confused nature of the complaint, when combined with the fifteen hundred pages of attachments, makes it difficult to determine the exact status of Cook's claims under § 504 of the Rehabilitation Act.  The court need not reach the issue at this time since it finds that all of Cook's discrimination claims fail to satisfy the requirements of Rule 8.  With that said, Cook's claims under § 503 of the Rehabilitation Act fail as a matter of law.  There is no private right of action under § 503.  See Painter v. Horne Bros., Inc., 710 F.2d 143, 144 (4th Cir. 1983).

7

complaint that was docketed with the petition for removal in this case. See ECF No. 1-1, at 3. With her objection to the magistrate judge's report and recommendation, however, Cook attaches a copy of the first page of her state court complaint with a file stamp date one day earlier—September 24, 2014—along with a state court civil cover sheet, summons, and filing receipt also dated September 24, 2014. See ECF No. 38-1, at 1-5. On the pleadings alone, the court cannot reconcile the difference in the dates stamped on two different copies of Cook's state court complaint. Accordingly, for the purposes of considering the objection to the magistrate judge's report and recommendation only, the court will use the September 24, 2014 date. In short, the September 24, 2014 date on the new documents attached by Cook to her objection casts doubt on the magistrate judge's conclusion that Cook's Title VII, ADA, ADEA, and Rehabilitation Act discrimination claims were filed one day too late.

Despite this finding regarding the timing of Cook's complaint, her discrimination claims remain subject to dismissal. As the magistrate judge noted in his report and recommendation, Cook's entire complaint—including claims under Title VII, the ADA, the ADEA, and section 504 of the Rehabilitation Act—fails to satisfy the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. A pleading must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Even a cursory review of Cook's complaint shows that she fails to meet this standard.

Cook's complaint is replete with fragmented factual allegations and conclusory statements of law, many of which have no bearing on the multitude of claims she alleges. While Cook identifies eleven general claims—including at least five based on some form of discrimination by Unisys—she cites no fewer than thirty separate statutes, executive orders, international treaties, and other claimed causes of action. See ECF No. 1-1, at 1–3, 62–63. As the magistrate judge noted, a great majority

8

of the state and federal laws cited by Cook provide no private right of action, cannot be alleged against the particular defendant named in this complaint, are barred by the relevant statute of limitations, or are simply inapplicable to Cook's stated facts. ECF No. 37, at 11–32.

With respect to Cook's discrimination claims, no effort is made to connect facts alleged in her complaint to her various causes of action. The factual section of the complaint totals fifty-two pages, which requires both the court and the defendant to guess as to which facts concern which claims. Even where relevant facts exist, they are buried in pages of needless and irrelevant details about Cook's various interactions with other Unisys employees or unrelated third-parties. This convoluted structure not only places an "unjustified burden" on the court and Unisys to make sense of Cook's allegations of discrimination, but also fails to provide proper notice of the factual basis for Cook's claims "so as to enable [Unisys] to answer and prepare for trial." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988); see also Holsey v. Collins, 90 F.R.D. 122, 123–24 (D. Md. 1981) (dismissing complaint under Rule 8 where the court was required to "sort out the facts now hidden in a mass of charges, arguments, generalizations and rumors.") (citing Defina v. Latimer, 79 F.R.D. 5, 7 (E.D.N.Y. 1977)).

Other courts in the Fourth Circuit have dismissed similarly disjointed complaints for failing to conform to Rule 8. For example, the district court in Holt v. Stroman, No. 3:12-CV-03539, 2015 WL 1061990 (D.S.C. Mar. 11, 2015), dismissed a complaint alleging ten causes of action over fifty-three pages. Id. at *3. The court noted that the plaintiffs offered only "conclusory statements, outline[d] the relevant law with only vague allusions to the alleged facts, [and] mention[ed] a few facts that still fall far short of showing how [the defendants'] actions meet the elements of the causes of action alleged." Id. The court found that such a disorganized and complex complaint left both it and the defendants guessing as to which facts pertained to each count alleged in the complaint. Id. A district court reached a similar conclusion in Negron-Bennett v. McCandless, No. 1:13-CV-387,

2013 WL 5552236 (E.D. Va. Oct. 8, 2013), where the complaint included a "disorienting mix of allegations with relevant facts, irrelevant facts, disjointed narrative, conclusory accusations, and legal argument written in a highly confusing manner." Id. at *3. The court held that the complaint failed to provide the defendants fair notice of the claims alleged against them, and "similarly burdened the [c]ourt with fishing through the Amended Complaint to reconcile its extensive factual allegations with the various causes of action." Id. at *4. As such, the court found the complaint "unfit" to proceed as filed. Id. Finally, the Fourth Circuit has affirmed dismissal under Rule 8 where the complaint's factual background spanned twenty pages and contained "needless" details that failed to provide sufficient notice of the basis for the plaintiff's various allegations. See North Carolina v. McGuirt, 114 F. App'x 555, 558–59 (4th Cir. 2004).

In addition, this is not the first court to dismiss Cook's claims of discrimination for failing to satisfy Rule 8. As the magistrate judge noted, Cook brought a similar suit against a different defendant in the Southern District of Florida, alleging various ERISA violations and seeking reinstatement of disability benefits. ECF No. 37, at 3–4. On October 1, 2013, Cook attempted to amend her complaint in that action to allege separate discrimination claims against Unisys. See Am. Compl., ECF No. 33, at ¶ 16 Cook v. Aetna Life Ins. Co., No. 0:13-60231 (S.D. Fla. Jan. 7, 2014). The amended complaint was structured in the same way as the complaint filed in this case, with no apparent attempt to connect the causes of action alleged with the relevant facts.[2] See id. Citing Rule 8, the district court denied Cook's motion to amend because the amended complaint was "convoluted and contain[ed] a variety of irrelevant information" such that it would not survive a

---

[2] Unisys also argues that Cook's unsuccessful attempt to amend her claim in the prior case against Aetna should bar her current claims under the principle of res judicata. ECF No. 9, at 12–13. While a court's refusal to grant leave to amend can serve as a final judgment on the merits, see Witthohn v. Fed. Ins. Co., 164 F. App'x 395, 397 (4th Cir. 2006), it is unclear if Cook's current discrimination claims are based on the same operative facts as her prior claims. The same convoluted structure and vague factual allegations that violate Rule 8 also complicate the court's comparison of the past and present claims for purposes of res judicata.

10

motion to dismiss. Omnibus Order, ECF No. 45, at 1–2 Cook v. Aetna Life Ins. Co., No. 0:13-60231 (S.D. Fla. Jan. 7, 2014). In the same way, Cook's complaint in this case fails to provide the "simple, concise, and direct" allegations required by the federal rules.

The court is mindful of the difficulty of crafting legal arguments, especially when a plaintiff is proceeding pro se. Further, as Cook notes in her objections, "complex issues cannot be simply stated in short sentences when there are numerous related issues." ECF No. 38, at 2. However, "every party—pro se or otherwise—must comply with the Federal Rules of Civil Procedure." Salley v. Bank of Am., N.A., No. 5:13-CV-753-D, 2014 WL 2768660, at *3 (E.D.N.C. June 18, 2014). Cook's rambling allegations and "shotgun" approach to pleading make it "virtually impossible to separate the legally significant [facts] from the legally insignificant facts . . . and then to match them with the claims purportedly made in the complaint." McGuirt, 114 F. App'x at 558. As such, the court agrees with the magistrate judge that Cook's complaint—at least with respect to her claims under Title VII, the ADA, the ADEA, and section 504 of the Rehabilitation Act—fails to comply with the requirements of Rule 8 and must be dismissed.

The next issue is whether to dismiss Cook's claims or allow her leave to amend her complaint. The Fourth Circuit has cautioned against dismissal—especially dismissal with prejudice—when a pro se plaintiff's original complaint fails to comport with Rule 8. McGuirt, 114 F. App'x at 559; Harman v. Unisys Corp., 356 F. App'x 638, 641 (4th Cir. 2009). Some courts prefer granting leave to amend before dismissing a complaint under Rule 12(b)(6). See, e.g., Negron-Bennett, 2013 WL 5552236, at *3–4.

However, several factors favor dismissal in this case. First, this is not Cook's first attempt to bring discrimination claims against Unisys. Plainly, Cook sought to add claims against Unisys in her Florida case against Aetna, which the district court rejected. Second, given that Cook's sixty-four page complaint was originally filed in state court and attached more than 1500 pages of exhibits, the

11

court believes that should Cook wish to pursue the only claims she asserted which are not being dismissed with prejudice, that being her Title VII, ADA, ADEA and § 504 of the Rehabilitation Act claims against Unisys, she should proceed in a separate action tailored to assert those claims only. As such, the court will dismiss **WITHOUT PREJUDICE** Cook's claims under Title VII, the ADA, the ADEA, and § 504 of the Rehabilitation Act. This will allow Cook to re-file a new complaint on these four claims, provided she can conform with the pleading requirements of Rule 8.

### B. Remaining Claims

The magistrate judge also recommended that the court dismiss all of Cook's remaining claims. ECF No. 37, at 33. While the magistrate judge again based his recommendation on Cook's failure to conform to Rule 8, he also provided multiple individual grounds for dismissal. These additional claims and the alternate grounds for dismissal include:

- Claims lacking a private right of action under these facts: criminal statutes 18 U.S.C. § 1341, 18 U.S.C. § 1342, Va. Code § 18.2-60.3, Va. Code § 18.2-386.1, Va. Code § 18.2-152.7:1; the United Nations Universal Declaration of Human Rights; Executive Order 11246; United States Constitution; Bill of Rights; Declaration of Independence; Virginia Constitution; Virginia Human Rights Act; Virginia Public Procurement Act; Virginia Fair Employment Contracting Act; Health Insurance Portability and Accountability Act; 29 U.S.C. § 1102, § 1141.

- Claims filed against an improper defendant: ERISA; Fair Credit Reporting Act; Virginia Fair Housing Laws.

- Claims barred by the relevant statute of limitations: 29 U.S.C. § 1140; Virginia Rights of Persons with Disabilities Act; Equal Pay Act; Fair Labor Standards Act; Fair Debt Collection Practices Act.

- Claims inapplicable to these facts: Va. Code § 38.2-223; 14 Va. Admin. Code § 5-70-110; Va. Code § 38.2-223; Va. Code § 2.2-3011; Va. Code § 40.1-51.2:2; 6 Va. Admin. Code § 35-101-650; Title VI of the Civil Rights Act of 1964.

As noted above, Cook filed a ten-page response to the report and recommendation. ECF No. 38. However, other than the one objection to the timeliness of Cook's discrimination claims, the court was unable to discern any additional, specific objections to the magistrate judge's

recommendation to dismiss Cook's remaining claims for the reasons cited. Cook's objections, even if they can be construed as such, are only general objections to the report and recommendation, and thus do not warrant de novo review. See Veney, 539 F. Supp. 2d at 844–46. After careful review, the court finds that the magistrate judge's recommendations are not clearly erroneous, and will grant Unisys's motion to dismiss Cook's remaining claims. Because the court's dismissal of these claims is not based solely on Cook's failure to conform to Rule 8, the court's dismissal of Cook's remaining claims is **WITH PREJUDICE**.

Similarly, the court could discern no specific objection to the magistrate judge's recommendation to deny Cook's motion to remand to state court, motion for default judgment, motion to prove authority to represent, motion to strike the motion to dismiss, motion for a more definite statement, and motion for entry of default. The court finds no clear error in the magistrate judge's recommendation to deny these motions, and will enter an order to that effect.

**IV.**

For the reasons stated above, the court will **ADOPT** the report and recommendation to the extent consistent with this opinion. To be clear, the court adopts every recommendation made by the magistrate judge, except for that portion of the report that recommends dismissal of Cook's Title VII, ADA, ADEA, and Rehabilitation Act claims as not being timely filed. Notwithstanding this timing issue, Cook's complaint otherwise fails to state a claim and is dismissed in its entirety. Accordingly, the court will enter an Order which will: **GRANT** Unisys's motion to dismiss (ECF No. 8), **DENY** Cook's motions to remand to state court (ECF No. 11), **DENY** Cook's motion for default judgment (ECF No. 11), **DENY** Cook's motion to prove authority to represent (ECF No. 11), **DENY** Cook's motion to strike the motion to dismiss (ECF No. 16), **DENY** Cook's motion for a more definite statement (ECF No. 16), and **DENY** Cook's motion for entry of default (ECF No. 35). This matter is **STRICKEN** from the active docket of the court.

An appropriate Order will be entered to that effect.

>Entered: September 28, 2015
>
>*/s/ Michael F. Urbanski*
>
>Michael F. Urbanski
>United States District Judge